IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
July 9, 2002 Session

## KELVIN LEE YOUNG, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C01-94     Roy B. Morgan, Judge**

---

**No. W2001-02824-CCA-R3-PC  - Filed October 23, 2002**

---

Petitioner was convicted by jury of one count of first degree murder and sentenced to life imprisonment with the possibility of parole.   Petitioner filed for post-conviction relief, alleging ineffective assistance of counsel.  Petitioner now appeals from the denial of relief from the post-conviction court.  We affirm the denial of relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Carthel L. Smith, Jr., Lexington, Tennessee, for the appellant, Kelvin Lee Young, Jr.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Facts**

Petitioner was convicted by jury of one count of first degree murder and sentenced to life imprisonment with the possibility of parole.  On direct appeal alleging insufficiency of the evidence, this Court affirmed the lower court. State v. Kelvin Lee Young, No. 02C01-9809-CC-00287, 1999 WL 1095676 (Tenn. Crim. App., Oct. 6, 1999), perm. to appeal denied (Tenn. Apr. 10, 2000). Petitioner's claim for post-conviction relief, alleging ineffective assistance of counsel, was dismissed.  Petitioner now appeals to this Court alleging the denial of relief by the post-conviction court was in error.

**Issue**

The broad issue in this appeal is whether petitioner was denied effective assistance of counsel. More specifically, petitioner raises the following:

(1) Was trial counsel ineffective by failing to exhaust all efforts to locate witnesses;

(2) Did trial counsel give petitioner adequate time for petitioner to make an informed decision as to whether he should testify in his own behalf;

(3) Did trial counsel properly use the Tennessee Rules of Criminal Procedure discovery rules;

(4) Did trial counsel properly investigate petitioner's alibi defense; and

(5) Did trial counsel fail to pursue the pre-trial motion for the jury to view the crime scene.

**Post-Conviction Court**

At the post-conviction hearing, petitioner testified that, during the course of the criminal investigation, he gave a statement to Officer Golden, an investigator with the Jackson Police Department, that he was not at the crime scene, but was with his girlfriend and son. He testified his girlfriend would have been able to corroborate his alibi.[1]

He also testified that a key State witness, Ms. Bruce, who testified at trial that she witnessed petitioner at the crime scene, would have been physically unable to view the crime scene from her apartment. He claimed his counsel did not pursue that possibility strongly enough. Additionally, he testified his counsel failed to present key witnesses, including his private investigator. Petitioner did not produce Ms. Bruce or any additional witnesses at the post-conviction hearing.

On cross-examination, petitioner testified he had many consultations with his counsel. He admitted that at trial, he testified that he was satisfied with his counsel and satisfied with the decision counsel made for him not to testify on his own behalf. He stated he made these decisions because he trusted his counsel. Petitioner admitted his attorney did cross-examine the State's witness, Ms. Bruce.

Trial counsel testified he did move to have the jury view the crime scene in order to show that the witness, Ms. Bruce, would have been physically unable to see the shooting from her apartment but felt that her testimony was so bad and inconsistent that she would be discredited, and there was no need to view the scene.

Trial counsel testified he had not been made aware of a potential alibi defense until it was brought up during the trial. He testified that the strategy of the defense had been that petitioner was at the crime scene but was not the shooter. He felt that presenting an alibi defense at that time would

---

[1] Notably, petitioner's girlfriend did not testify at the post-conviction hearing.

be inconsistent with the trial strategy they had implemented. He further testified that he had asked petitioner at length if there had been any statements made prior to the trial and that petitioner had told him he could not recall having made any. Additionally, counsel testified he did no further investigation into a potential alibi defense prior to trial because he had relied upon the statements of petitioner, the fact his investigator did not turn up any alibi defense evidence, as well as the contents of the file he had been given on the case, which did not contain any evidence that a potential alibi defense existed.

When asked about his communications with petitioner, counsel testified that he did have a hard time communicating with petitioner but that petitioner was aware of the court dates. Counsel stated he knew this because he had left messages with petitioner's sister and that petitioner did show up to meet counsel later that day.

On cross-examination, counsel again indicated he had not been made aware of any potential alibi defense until during the trial. He reiterated that the defense strategy had always been that petitioner had been at the crime scene but was not the shooter. He testified he felt the State's case was weak and, after discussion with petitioner, decided not to put on any proof.

The third and final witness at the post-conviction hearing was Officer Golden, who testified that he had taken an alibi statement from petitioner, that statement being that petitioner was not at the crime scene but was with his girlfriend. Officer Golden testified he made attempts to locate the girlfriend at the address he had been given, but was unable to find her after several attempts of going by and knocking at her apartment. On cross-examination, Officer Golden testified he made no additional efforts to locate the girlfriend.

The post-conviction court found that counsel did meet with petitioner to discuss the case. Petitioner testified to his thorough discussion of the case with his counsel and indicated his satisfaction. The post-conviction court found that petitioner had a responsibility to be open with his counsel, and that, in discussions with his trial counsel, petitioner had indicated that he was at the crime scene but had not been the shooter and that counsel proceeded based on that information.

The post-conviction court found that petitioner chose not to testify in his own defense and knew there were no other defense witnesses available to testify. It further found that counsel cross-examined witnesses, explored their inconsistent statements, and made a proper decision not to pursue the motion to view the crime scene.

The post-conviction court found that counsel fairly relied on petitioner's statements, made full discovery, and attempted to contact all witnesses. It further found that petitioner, who raised an alibi defense, failed to produce any alibi witnesses at the post-conviction hearing.

In sum, the post-conviction court found that petitioner and counsel had thorough discussions about the case, made tactical decisions based on those discussions, and proceeded properly. It found

no showing that counsel did anything that would have made a difference on the outcome of the trial, and, accordingly, dismissed petitioner's claim for post-conviction relief.

## Standard of Review

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Should the petitioner fail to establish either factor, the petitioner is not entitled to relief. Our supreme court described the standard of review as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697, 104 S. Ct. at 2069). The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); see Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

The petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). The findings of fact made by the post-conviction court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. See Fields v. State, 40 S.W.3d 450, 457 (Tenn. 2001).

## Analysis

Petitioner contends he was denied effective assistance of counsel because his trial attorney: (1) failed to exhaust all efforts to locate defense witnesses; (2) failed to give petitioner adequate time to make an informed decision whether to testify on his own behalf; (3) failed to properly utilize the Tennessee Rules of Criminal Procedure discovery rules; (4) failed to properly investigate petitioner's alibi claim; and (5) failed to pursue a pre-trial motion to have the jury view the crime scene. The post-conviction court found that petitioner had not been rendered ineffective assistance of counsel. We agree and will address each contention in order.

Petitioner's first contention is that his counsel failed to exhaust all efforts to locate defense witnesses. However, petitioner failed to present a single witness at the post-conviction hearing. The burden is on petitioner to prove both inadequacy of performance of counsel, as well as prejudice from that inadequacy. Strickland, 466 U.S. at 693; Baxter, 523 S.W.2d at 936. The only way to establish the existence of, the discoverability of, and the potential prejudicial value stemming from

the failure to present certain witnesses is to present those witnesses at the post-conviction hearing. State v. Black, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). We conclude that petitioner has failed to meet his burden on this contention.

Petitioner's second contention is that his trial counsel failed to give him adequate time to make an informed decision whether to testify on his behalf. Our supreme court has determined a criminal defendant's right to testify is a fundamental constitutional right guaranteed by both Article I, Section 9 of the Tennessee Constitution and by the Fifth and Fourteenth Amendments of the United States Constitution. Moman v. State, 18 S.W.3d 152, 155 (Tenn. 1999). Being fundamental, this right may only be waived by the defendant. Id. at 161. To ensure that defense attorneys do not unilaterally deprive criminal defendants of this fundamental right, the following procedure is required in every trial where the defendant does not testify: defense counsel shall request a hearing, outside the presence of the jury, to inquire whether the defendant has made a knowing, voluntary, and intelligent waiver, and have that inquiry placed on the record. This hearing must show, at a minimum, that defendant knows and understands that: (1) he or she has the right not to testify, and if he or she does not testify, then the jury (or court) may not draw any inferences from that failure to testify; (2) defendant has the right to testify; and if he or she wishes to exercise that right, no one can prevent him or her from testifying; and (3) defendant has consulted with his or her counsel in making the decision whether to testify, that defendant has been advised of the advantages and disadvantages of testifying, and that he or she has voluntarily and personally waived the right to testify. Id. at 162. The post-conviction court found that trial counsel met with petitioner on numerous occasions in preparation for trial, that they discussed all the facts and defenses involved, and that petitioner chose not to testify on his behalf after those discussions. During the trial of petitioner, trial counsel called petitioner to the stand for the special purpose of addressing his choice not to testify. During that testimony the following colloquy took place:

Q: (From trial counsel): And during that three years (of being petitioner's attorney), we have had many consultations concerning the details of this case and the defense in this case and the facts that I thought the State would introduce against you and the facts I thought we could, if we desired, to introduce.

A: Yes, sir.

Q: And do you feel that we have fully consulted on this case as best we can?

A: Yes, sir.

Q: Are you satisfied with the consultation we've had in this case?

A: Yes, sir.

Q: At this point it is our option whether or not to put on any defense proof since the State has rested. Do you understand that?

A: Yes, sir.

Q: And our proof would consist of, at this point, your testimony, should you desire to testify. Do you understand that?

A: Yes, sir.

Q: And you and I have discussed that, that the option–that you cannot be required to testify by anybody. You understand that?

A: Yes, sir.

Q: The state can't require you, the judge can't require you, and I can't require you.

-5-

A: Yes, sir.

Q: The only person who can make that decision one way or the other is yourself after consulting with your lawyer. You understand that?

A: Yes, sir.

Q: And you and I have consulted about the pros and the cons of you testifying, and after our discussion–and also based on the testimony that's come out in this trial the last day or so, after our discussion, is it your desire to testify or not testify?

A: Not testify.

Q: Do you have any qualms about that decision, any problems with that decision?

A: No, sir.

Q: You understand that at this point, without testimony, that we would put on no proof and we would just argue that the State has not proven their case?

A: Yes, sir.

Q: That's your decision and that's what you want.

A: Yes, sir.

The burden is on petitioner to establish there was a failure to give him adequate time to make a knowing and informed decision whether to testify. We hold that petitioner has failed to meet his burden.

Petitioner's third contention is that his trial counsel failed to properly use the Tennessee Criminal Procedure discovery rules. Similar to a claim of ineffective assistance of counsel for failure to present witnesses, when a petitioner makes a claim that trial counsel failed to discover something, such evidence in support of that claim needs to be presented at the post-conviction hearing. Black, 794 S.W.2d at 757. The only evidence presented by petitioner was a written statement taken by Officer Golden containing petitioner's alibi statement. The post-conviction court found that trial counsel reasonably relied upon his client's statements and disclosures in preparation for trial. Counsel and petitioner discussed the matter and made a decision not to use the prior statement, as such would be inconsistent with the tenor of their defense, namely that petitioner was at the crime scene but was not the shooter. Petitioner failed to present any further evidence at the post-conviction hearing to show that the outcome of the trial may have been different had anything else been discovered or that there was anything else to be discovered. We hold petitioner has failed to meet his burden that he was prejudiced by any alleged failure in discovery.

Petitioner's fourth claim is that counsel was ineffective in his failure to further investigate petitioner's alibi defense. The post-conviction court found that trial counsel and petitioner had thorough discussions about the case and chose to implement the trial strategy that petitioner was at the scene of the crime but was not the shooter. Trial counsel was not even made aware of the possibility of an alibi defense until midway through the trial. The post-conviction court found that petitioner had the responsibility to be frank and open with his attorney and that petitioner advised his attorney that he was at the crime scene. It further found that trial counsel reasonably relied upon this statement of petitioner in developing the above trial strategy. Upon finding out about the possibility of an alibi defense *after* implementing the strategy that petitioner was at the scene,

-6-

counsel tactically chose not to utilize the defense, as it was inconsistent with the strategy already being utilized. The petitioner is not entitled to the benefit of hindsight; the petitioner may not second-guess a reasonably based trial strategy; and the petitioner may not criticize a sound, but unsuccessful, tactical decision made after adequate preparation for the case. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); see Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Moreover, petitioner failed to present any witnesses at the post-conviction hearing to support his alibi defense. Absent such evidence, this Court will not speculate as to what might have happened had this occurred. Black, 794 S.W.2d at 757. The failure by petitioner to present alibi witnesses at the post-conviction hearing was fatal to his claim of ineffective assistance of counsel for failing to pursue an alibi defense. We hold petitioner has failed to meet his burden of proving that any failure to present an alibi defense was prejudicial.

Petitioner's final contention is that trial counsel was ineffective for failing to pursue a pre-trial motion to have the jury view the crime scene. The post-conviction court found that trial counsel cross-examined the State's witnesses and explored any prior inconsistent statements. Having done so, trial counsel made a tactical decision that it was not necessary to have the jury view the crime scene, as he felt the eyewitness from the crime scene's testimony was so bad and inconsistent that she would be discredited, and there was no need to view the scene. We will not second guess a valid trial strategy. Black, 794 S.W.2d at 757. We conclude that petitioner has failed to meet his burden.

## Conclusion

We agree with the post-conviction court that petitioner was not given ineffective assistance of counsel. The burden is on petitioner to prove by a preponderance of the evidence that the post-conviction court was in error in its decision that his counsel was adequate. Petitioner has failed to do so. Accordingly, we affirm the decision of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE